ROSS v. BELDEN.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

DEFAULT—PLAINTIFF'S FAILURE TO APPEAR—EXCUSE—DILIGENCE — OPENING DEFAULT.

A cause being on the calendar at a place 180 miles from New York, plaintiff, owing to the uncertainty of her address, arranged with her attorney that mail should be sent her in care of a certain banker in New York. On January 6th plaintiff's attorney received notice of trial for the 20th, and, being unable to find plaintiff, endeavored to secure a continuance; but the one in charge of defendant's attorney's office had no authority to arrange for one. On the 20th plaintiff's attorney was engaged in court in Kings county, and, not having found plaintiff, sent his clerk to the place of trial to secure a continuance. The motion was denied, although the case was No. 16 on the calendar. The next morning plaintiff's attorney located plaintiff, who had received word from the attorney at the banker's, and the attorney telephoned the place of trial, asking an adjournment for one day at least; but defendant's attorney refused to open a default that had been entered, though plaintiff's attorney offered to pay the expenses of the term. Held, that a motion to open the default should have been granted.

Appeal from trial term.

Action by Mary Ross against Elmere E. Belden. From an order denying a motion to open a default, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

T. F. Hamilton, for appellant.
C. H. Sturges, for respondent.

CHASE, J. This action is brought for conversion of personal property. The summons and complaint named Westchester county as the place of trial. Issue was joined, and thereafter an order was made changing the place of trial to Saratoga county. The case was first on the trial calendar in Saratoga county for the term appointed to be held at Ballston, January 20, 1902. The plaintiff, and her husband, Tony Ross, are Italians, and circumstances compel them to move from place to place to earn a living. By reason of the uncertainty of their address from time to time, plaintiff's attorney arranged with them to get mail that should be addressed in care of S., an Italian banker in New York. On the 6th day of January, 1902, plaintiff's attorney received notice of trial for said January term, and, being unable to find the plaintiff, wrote the defendant's attorney explaining the situation, and asking that the case be adjourned until the April trial term, and stated that if plaintiff was not then ready for trial he would consent to a dismissal of the complaint. The defendant's attorney was not at Saratoga, and the per-

son in charge of his office replied that he was not authorized to enter into any agreement in regard to the case. On the 20th day of January, 1902, the plaintiff's attorney was engaged at special term in Kings county, and, not having found the plaintiff, he sent his clerk to Ballston, and made application for the postponement of the trial, stating the engagement of plaintiff's attorney and his inability to find the plaintiff. The motion was denied. Although the case was No. 16 on the calendar, the complaint was dismissed on motion of the defendant's attorney the first day of the term. The next morning the defendant's husband called for his mail at said banker's, and was informed that he was wanted by the plaintiff's attorney, and went to his office. The plaintiff's attorney thereupon called the representative of the defendant at Ballston, 180 miles from New York, on the telephone, and told him that he had found the plaintiff, and asked that the case be adjourned one day at least, or until Friday of that week, when he would be ready with the plaintiff and her witnesses for trial of the action at Ballston. The defendant's representative stated that he had entered judgment dismissing the complaint, and refused to open the default, although plaintiff's attorney offered to pay the expenses of the term. Plaintiff's attorney thereupon obtained and served an order to show cause why said default should not be opened. The motion was made as provided by said order, on Friday, January 27, 1902, at said trial term.

The plaintiff did not object to the court imposing such conditions upon her as might seem just and equitable in granting the motion. The affidavits and statements of the plaintiff were practically undisputed. There is no evidence of bad faith on the part of the plaintiff and a trial on the merits could have been had at once. The motion was denied. We think it should have been granted.

Order reversed, and motion to open default granted. No costs on this appeal or on the motion opening the default to either party. All concur.